JS - 6          LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8914 GAF (CWx) | Date | November 8, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Francisco Egoavil et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   (In Chambers)

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") filed this unlawful detainer action against Defendants Francisco Egoavil and Gloria Diaz in Los Angeles County Superior Court.  (Docket No. 1, [Not. of Removal ("Not.")], Ex. A [Compl.].)  Plaintiff alleges that it purchased Defendants' real property in Los Angeles, California by virtue of a lawful foreclosure sale, that Defendants refuse to quit the premises, and that Plaintiff has accrued damages since January 25, 2012.  (Id. ¶¶ 8, 11.)  Defendants removed the action to this Court on October 17, 2012, asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  (Not. ¶¶ 8–11.)  However, for the reasons set forth below, the Court concludes that Defendants have failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to state court.

**II.
DISCUSSION**

**A.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time

JS - 6       LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8914 GAF (CWx) | Date | November 8, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Francisco Egoavil et al | | |

during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Removing defendant may invoke a federal court's jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. See 28 U.S.C. § 1332(a).

**B. APPLICATION: DIVERSITY JURISDICTION**

Defendants have not adequately alleged the requisite amount in controversy.[1] (See Not. ¶ 8.) Although Defendants allege that damages amount to $228,921.58 (id.), the amount in controversy is determined from the face of the complaint. See, e.g., Cabot v. Combet-Blanc, No. CV 10–05728–ODW (AJWx), 2012 WL 95613, at *2 (C.D. Cal. Jan. 11, 2012). Because Plaintiff is seeking damages in daily rent, the appropriate dollar amount in determining the amount of controversy is the rental value of the property, not the value of the property as a whole. Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008). Therefore, the amount in controversy cannot possibly exceed $75,000 and thus, Defendants cannot establish the minimum amount in controversy. Accordingly, diversity jurisdiction is lacking in this case.

**III.**

---

[1] Nor have they established Plaintiff's citizenship by failing to adequately allege Plaintiff's state of incorporation. (See Not. ¶ 9.) See 28 U.S.C. § 1332(c)(1).

JS - 6     **LINK: 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8914 GAF (CWx) | Date | November 8, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Francisco Egoavil et al | | |

**CONCLUSION**

For the foregoing reasons, Defendants have not established federal subject matter jurisdiction in this case. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court. Plaintiff's motion to remand scheduled for hearing on December 17, 2012 is **DENIED as moot**.

**IT IS SO ORDERED.**